## THE MARION.

(District Court, N. D. California.    May 21, 1898.)

### No. 11,300.

SEAMEN'S WAGES—LIBEL AGAINST CARGO—CATCH OF FISH.

Claimants advanced money and supplies to the owners, to enable the vessel to make a fishing voyage. On her return she delivered the catch of fish to them in payment of such advances. *Held* that, on these facts, the owners of the vessel were owners of the fish when caught, and when landed after her return, and that such cargo was therefore subject to a lien for seamen's wages in an amount equal to what would be a reasonable freight thereon if the cargo had been carried by the vessel for persons other than her owners.

This was a libel in rem for seamen's wages.

H. W. Hutton, for libelants.

A. P. Van Duzer, for claimants.

DE HAVEN, District Judge. This is a libel by seamen to enforce against a cargo of salmon a claim of lien for their wages. The cargo, consisting of 850 barrels of salmon, was brought by the barkentine Marion from Alaska to the port of San Francisco, upon the voyage described in the amended libel. The Marion has been sold, and, the proceeds arising from such sale not being sufficient to pay the wages of the seamen, it is sought by this proceeding to enforce the balance of their claim for wages against the cargo in question. It was admitted upon the trial that prior to the departure of the Marion on that voyage, which was a voyage undertaken for the purpose of catching fish, C. E. Whitney & Co., the claimants here, advanced to the owners of the vessel money and supplies of the value of $4,400 for the purpose of enabling her to make such voyage. Upon the return of the vessel to San Francisco the claimants received the 850 barrels of salmon in payment of the advances so made by them to the owners of the vessel. Upon this state of facts, there must be a finding that the owners of the vessel were the owners of the salmon when caught and landed in San Francisco; and, under the law as declared by my predecessor in overruling the exceptions to the amended libel in this case (The Marion, 79 Fed. 104), the seamen are entitled to a lien upon such cargo in an amount equal to what would be a reasonable freight thereon if such cargo had been carried by the vessel for persons other than the owners of the vessel. It was agreed upon the trial that $1 per barrel would be a reasonable charge for freight upon the voyage named. Let a decree be entered in favor of the libelants for the sum of $850 and costs.